[No. 15829. Department Two. August 10, 1920.]

MAUD O'NEIL, *Respondent*, v. GARRETT W. O'NEIL, *Appellant*.[1]

DIVORCE (104)—CUSTODY AND SUPPORT OF CHILD—MODIFICATION OF DECREE. Where, on appeal by the father from a judgment on petition to modify a divorce decree, which affirmed the original decree awarding custody of a minor daughter to the mother, the supreme court concludes that the mother is not a suitable person to have the custody and control of the daughter, but is unable, under the record, to advise the trial court what disposition should be made of the daughter owing to her hostile attitude toward the father at the time of trial, the judgment will be reversed and remanded for a further hearing to enable the trial court to award the custody to some person other than the mother, preferably to the father, if there has been a reconciliation between them.

Appeal from a judgment of the superior court for King county, Frater, J., entered December 16, 1919,

[1]Reported in 191 Pac. 849.

denying a petition for the modification of a decree of divorce, tried to the court. Reversed.

*Arthur H. Hutchinson,* for appellant.

*Tucker & Hyland,* for respondent.

BRIDGES, J.—In 1914, the appellant and respondent were divorced by decree of the superior court of King county, Washington. The decree awarded to the respondent the care, custody and control of the two minor daughters, Gwyneth, then aged 12 years, and Natalie, then aged 10 years. By its terms the property was divided between the parties, and the appellant was required to pay to the respondent, for the use and benefit of the minor daughters, $4,200, at the rate of $40 per month until the further order of the court. The decree impressed a lien upon the property of the appellant as security for these payments.

In 1918, the appellant petitioned the court for a modification of the original decree of divorce, wherein he alleged that the respondent was an unfit person to have the care, custody and control of the minor daughters, and sought to have them taken from her and awarded to him, or to someone else suitable to the court; the petition also sought to have the original decree so further modified as to require the monthly payments to be made to some person other than the respondent. In April, 1919, this petition came on for hearing and a large amount of testimony was taken. The actual decision of the matter was by the court postponed until December, 1919, at which time some further testimony was taken. The delay in making the final judgment appears, in part at least, to have been the result of an effort upon the part of the trial

court personally to bring about some amicable adjustment of this dispute, or, at any rate, some satisfactory disposition of these matters. Previous to the hearing on the petition, the minors had been, at least temporarily, taken from the respondent and had become wards of the juvenile court, under whose directions they were placed in the House of the Good Shepherd, in Seattle. Before the conclusion of this matter in the trial court, the minors had been taken by the court from the House of the Good Shepherd and returned to the custody of respondent, their mother, pending final determination of the petition.

The judgment on the petition for modification of the original decree affirmed all the terms and provisions thereof, except it required that the appellant make his monthy payments to the clerk of the court of King county instead of to the respondent. From this judgment, appeal was taken.

It would not serve any good purpose, but, on the contrary, would probably be detrimental to those interested, for us to here recite the testimony in this case. Suffice it to say we have very carefully read and considered the whole record and have concluded that the respondent is not a suitable person to have the care, custody and control of the minor daughter, Natalie. She is now about sixteen years old; her sister Gwyneth is past eighteen years of age and has, therefore, reached her majority, and this appeal no longer materially affects her. We are satisfied that a fortunate solution of this unfortunate problem would be to award the minor daughter to her father, the appellant here, were it not for the feeling of the daughter toward her father. The testimony shows that, when this case was tried, she had become embittered against him and would have nothing to do with him. If such

situation still exists, it would probably be unwise to undertake to place her in the custody of her father.

We have also concluded that the monthly payments of $40 should be made exclusively for the benefit of the minor daughter until the further order of the court.

Under the present condition of the record, it is exceedingly difficult, if not quite impossible, for us to advise the lower court of the exact disposition that should be made of the minor daughter. It has been many months since the testimony in this case was taken, and it is not impossible that by this time the situation has changed. The taking of additional testimony may, and probably will, assist the trial court in carrying out the directions and the spirit of this opinion.

The judgment appealed from is reversed and remanded with instructions to the trial court to have a further hearing and taking of testimony only for the purpose of assisting the court in determining what disposition should be made at this time of such minor daughter, and upon such hearing being had, it is directed that the trial court set aside the judgment appealed from and make and cause to be entered another judgment which shall so modify the original decree as to take from the respondent the care, custody and control of such minor daughter and give such care, custody and control to some person or persons other than respondent, preferably to the appellant, if there has been a reconciliation, or make such other disposition of her as shall appear best to the trial court; and said judgment shall also so modify the original decree as to require that all future monthly payments be made to some person to be designated by the court, other than respondent, and that all such payments shall henceforth be for the sole use and benefit of such minor daughter until she shall come of age, or until the

further order of the court. Neither party hereto shall recover any costs herein.

HOLCOMB, C. J., FULLERTON, MOUNT, and TOLMAN, JJ., concur.